**IN THE COURT OF APPEALS OF IOWA**

No. 15-0073
Filed September 10, 2015

**IN THE INTEREST OF M.C.,**
**Minor Child,**

**K.K., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.

The mother appeals the juvenile court's termination of her parental rights to her child, M.C. **AFFIRMED.**

Jeffrey D. Norris of Norris Law Firm P.L.L.C., Des Moines for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, John Sarcone, County Attorney, and Jennifer Galloway, Assistant County Attorney, for appellee State.

Jane A. Orlanes of Orlanes Law Office, P.L.C., Clive, for appellee father.

Karl Wolle of the Polk County Juvenile Public Defender, attorney and guardian ad litem for minor child.

Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**VOGEL, P.J.**

The mother appeals the juvenile court's termination of her parental rights to her child, M.C. She asserts the State failed to prove by clear and convincing evidence her rights should be terminated pursuant to Iowa Code sections 232.116(1)(d), (e), and (f) (2013), termination is not in the child's best interest, and termination is not proper due to a relative's custody of the child. We conclude the State presented clear and convincing evidence to terminate the mother's parental rights under Iowa Code section 232.116(1)(f). Furthermore, we find the mother did not preserve error with regard to her "best interests" argument or relative custody arguments. Consequently, we affirm the order of the juvenile court terminating the mother's parental rights.[1]

We review termination proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The three-step statutory framework governing the termination of parental rights is well established and need not be repeated herein. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). The juvenile court issued a thorough and well-reasoned order terminating the mother's parental rights, and we adopt the findings of fact and conclusions of law in the juvenile court's order as our own.

"When the juvenile court terminates parental rights on more than one statutory ground, we need only find grounds to terminate under one of the sections cited by the juvenile court to affirm." *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). To terminate the mother's parental rights pursuant to Iowa

---

[1] The father's parental rights were not at issue in this proceeding, and he currently has custody of M.C.

Code section 232.116(1)(f), the State must prove: (1) the child is four years of age or older; (2) the child has been adjudicated CINA; (3) the child has been removed from the physical custody of the mother for at least twelve of the last eighteen months, or for the last twelve consecutive months; and (4) there is clear and convincing evidence that at the present time the child cannot be returned to the custody of the mother as provided in section 232.102.

In the juvenile court's order, it reasoned:

> At the present time the child in interest cannot be returned to Mother's custody as provided in Iowa Code section 232.102 because she would be subjected to further adjudicatory harm as Mother continues to have unresolved substance abuse and mental health issues which place this child at risk for both physical and emotional harm, as well as neglect. The State has met its burden of proving by clear and convincing evidence that grounds exist for the termination of parental rights of [the mother] pursuant to Iowa Code section 232.116(1)(f) (2013).

The mother failed to attend the termination hearing, and she did not challenge the evidence offered by the State or offer any new evidence.[2] "When evidence is received without objection, it becomes part of the evidence in the case, and is usable as proof to the extent of its rational persuasive power." *In re Marriage of Schneckloth*, 320 N.W.2d 535, 538 (Iowa 1982). Upon our de novo review, we find the State presented clear and convincing unchallenged evidence to terminate the mother's parental rights pursuant to section 232.116(1)(f).

The mother raises two other issues on appeal: termination is not in the child's best interests, and termination is improper due to the child's placement

---

[2] At the August 26, 2014 termination hearing, the mother's attorney requested a continuance, which was denied. However, the Court agreed to hold the record open, and reconvened on October 1, at which time the mother again failed to appear. Nonetheless, mother's attorney requested an additional six months for the mother to remedy her lingering substance abuse problems.

with a relative. The mother did not raise either of these issues at the time of the termination hearing.[3] Our error preservation rules provide that error is preserved for appellate review when a party raises an issue and the district court rules on it. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

We affirm the juvenile court's order terminating the mother's parental rights to M.C.

**AFFIRMED.**

---

[3] Even if these issues had been preserved, we would affirm the district court's determination.